**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; INC.; H.O.P.E., INC. d/b/a HOPE FAIR HOUSING CENTER; and OPEN COMMUNITIES, | |
| Plaintiffs; | Case No. 14 C 3197 |
| v. | |
| RYAN COMPANIES US, INC.; RYAN A +E, INC., f/k/a DESIGN BUILD ARCHITECTURAL SERVICES; JAMES N. BERGMAN; ICEBERG DEVELOPMENT GROUP, LLC; THOMAS and THOMAS ASSOCIATES, INC.; PIONEER PROPERTY MANAGEMENT, INC.; PPMI MANAGEMENT, LLC; RRG DEVELOPMENT, INC.; THOMAS PLACE, L.P.; THOMAS PLACE, LLC; TPA FOX LAKE, L.P.; TPA FOX LAKE GP, LLC; JNB HOMETOWN HARBOR BETTENDORF, L.P.; JNB HOMETOWN BETTENDORF, LLC; JNB HOMETOWN HARBOR WAUKEE, L.P.; JNB HOMETOWN WAUKEE, LLC; HOMETOWN HARBOR EAST MOLINE LIMITED PARTNERSHIP; ZURICH MEADOWS SENIOR APARTMENTS, L.P.; ZURICH MEADOWS APARTMENTS, LLC; TPA GURNEE, L.P.; TPA GURNEE GP, LLC; GARDINER SENIOR APARTMENTS, LP; GARDINER SENIOR DEVELOPMENT, LLC; TPA ORLAND, L.P.; TPA ORLAND GP, LLC; GHSA, LP; GHSA GP, LLC; ALICE PLACE, LP; ALICE PLACE GP, LLC; and FITZGERALD ASSOCIATES ARCHITECTS, P.C. | Judge John Robert Blakey<br><br>Jury Trial Demanded |
| Defendants. | |

**<u>CONSENT DECREE</u>**

This Consent Decree is made and entered into by and among the Plaintiffs and Defendants (collectively referred to as "the Parties") for the purpose of fully and finally resolving this litigation.

## I.    INTRODUCTION

1.    Plaintiffs National Fair Housing Alliance, HOPE, Inc., d/b/a HOPE Fair Housing Center and Open Communities (collectively referred to as "the Plaintiffs") brought this action under Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Act Amendments of 1988 ("FHAA"), 42 U.S.C. § 3601-3619, and joining certain Defendants as necessary parties under Fed.R.Civ.P. 19. The Plaintiffs alleged, after performing testing of the subject properties, that Defendants' design and construction of affordable multi-family senior apartment complexes in Illinois and Iowa did not meet minimum requirements under the FHAA in certain respects, including concerning accessible kitchens, bathrooms and accessible routes.  Defendants deny these allegations.  The Parties desire to resolve this litigation by agreement without further proceedings.

## II.    THE PLAINTIFFS

2.    National Fair Housing Alliance ("NFHA"), founded in 1988, is the leading advocate in the United States concerning fair housing issues, with activities ranging from policymaking, to investigating systemic fair housing violations, to enforcement of fair housing laws through litigation such as this case.  NFHA coordinates activities with and trains local and regional Fair Housing Centers

1

throughout the United States. NFHA provides consulting services and compliance expertise to companies seeking assistance or companies that were subject to past compliance actions and complaints.

3.     Since 1970, HOPE Fair Housing Center ("HOPE") has operated as a full service fair housing organization, and offers counseling services to consumers, training and consulting services to housing providers, advances community development partnerships, conducts complaint intake and investigation and engages in case enforcement.

4.     Open Communities, established in 1972, is a well-known membership-based fair housing organization that works with current and prospective residents and local groups to promote economically and culturally diverse communities. Open Communities provides fair and affordable housing counseling services, community education, advocacy, and organizing for welcoming communities.

III.     **THE DEFENDANTS**

5.     Defendants are designers, builders, developers and/or owners of affordable senior apartment housing that provides welcoming and upscale appearance modern units and amenities, and a sense of community. Each of the following affordable senior apartment complexes ("Subject Properties") was designed and constructed for first occupancy after March 13, 1991, the effective date of FHAA design and construction requirements:

    1.  Thomas Place Glenview, 2200 Patriot Blvd., Glenview, Illinois;

2

2. Thomas Place Fox Lake, 27292 W. Nippersink Road, Fox Lake, Illinois;

3. Thomas Place Gurnee, 401 Hunt Club Road, Gurnee, Illinois;
4. Thomas Place Waukee, 560 S.E. Brick Drive, Waukee, Iowa;

5. Gardiner Place, 251 River Haven Drive, East Dundee, Illinois;

6. Hometown Harbor East Moline, 1011 49th Ave., East Moline, Illinois;

7. Thomas Place Orland Park, 15415 S. Harlem Ave, Orland Park, Illinois;

8. Thomas Place Bettendorf, 2205 Kimberly Road, Bettendorf, Iowa;

9. Alice Place, 255 S.E. Brick Drive, Waukee, Iowa;

10. Zurich Meadows, 250 Mohawk Trail, Lake Zurich, Illinois; and

11. Thomas Place Glendale Heights, 1123 Bloomingdale Road, Glendale Heights, Illinois.

6. Defendants James N. Bergman, Ryan Companies US, Inc., Ryan A + E, Inc. f/k/a Design Build Architectural Services, Inc., Iceberg Development Group, LLC, Thomas and Thomas Associates, Inc., Pioneer Property Management, Inc., PMI Management, LLC, RRG Development, Inc. ("Non-Owner Defendants") were involved in the design, construction, ownership and/or management of some or all of the Subject Properties listed in Paragraph 5.

7. Defendants TP Gurnee L.P., TPA Gurnee GP LLC, Gardiner Senior Apartments, L.P., Gardiner Senior Development, LLC, TPA Orland L.P., TPA Orland GP, Alice Place L.P., Alice Place GP, LLC, Thomas Place, L.P., Thomas Place LLC, TPA Fox Lake, L.P., TPA Fox Lake GP LLC, JNB Hometown Harbor

3

Bettendorf L.P., JNB Hometown Bettendorf, LLC, JNB Hometown Harbor Waukee, L.P., JNB Hometown Waukee, LLC, and Hometown Harbor East Moline, L.P. ("Owner Defendants") were involved in the design, construction, and/or ownership of one of the Subject Properties listed in Paragraph 5.

8.     Defendants Zurich Meadows Senior Apartments, L.P.  and Zurich Meadows Apartments, LLC ("Zurich Meadows Defendants") were involved with the design, construction, and/or ownership of Subject Property 10,  Zurich Meadows.

9.     Defendants GHSA L.P., GHSA GP LLC and Fitzgerald Associates Architects, P.C. ("Glendale Heights Defendants") were involved with the design (Fitzgerald), construction, and/or ownership of Subject Property 11, Thomas Place Glendale Heights.

## IV.     <u>JURISDICTION</u>

10.     The Parties agree that the United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over this case conferred by 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 3614(a), and jurisdiction over this Consent Decree and its enforcement.

11.     The Parties agree that each Subject Property contains "covered units" under the FHAA and the covered units and the common-use areas serving those units are subject to the Fair Housing Act's design and constructions requirements, 42 U.S.C. § 3604(f)(3)(C).

## V.     PROCEDURAL HISTORY

12.     Plaintiffs filed this action on May 1, 2014, seeking declaratory judgment that Defendants failed to design and construct the subject properties in accord with the FHAA, injunctive relief to remediate alleged violations of the FHAA, and seeking various categories of damages in addition to fees and costs (the "Litigation"). On July 2, 2014, the Plaintiffs voluntarily dismissed House of Light Properties, L.L.C., RP Lisle, LP and RP Lisle GP, based on a confidential settlement agreement with certain Defendants concerning a complex in the pre-construction phase in Lisle, Illinois. DKT # 20, 21.

## VI.     RELEASE OF CLAIMS AND COVENANT NOT TO SUE

13.     Upon entry of this Consent Decree, Plaintiffs as well as any and all of Plaintiffs' past, present and future parent entities, subsidiaries, divisions, predecessors, successors, agents and assigns (collectively, the "Releasing Parties") are deemed by this Decree to irrevocably and unconditionally release, waive and discharge Defendants, House of Lights Properties, L.L.C., RP Lisle, LP, and RP Lisle GP, LLC, as well as any and all of their past, present and future parent entities, subsidiaries, divisions, predecessors, successors, assigns, partners, officers, directors, members of the Board of Directors (past and present), members, administrators, executors, trustees, personal representatives, beneficiaries, trustees, managers, stockholders, employees, insurers, agents, representatives, and attorneys, and all persons acting by, through, under, or in concert with them, or any

5

of them (collectively, the "Released Parties"), from any and all actions, causes of action, suits, claims, debts, obligations, demands, liabilities, rights, damages, losses, costs, and expenses (including, but not limited to, attorneys' fees and costs actually incurred), whether known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, legal or equitable, that Plaintiffs may now have, have ever had, or hereafter may have, as of the date of entry of this Consent Decree, relating to, based on, or arising out of the facts and circumstances alleged in this Litigation with the exception of any action claiming breach of or to enforce the terms of this Consent Decree, and hereby specifically waive and release all such claims, including but not limited to, those arising under the FHAA, ADA, 42 U.S.C. § 12101 et seq., Section 504, 29 U.S.C § 794, and any and all state or local statutes, ordinances, or regulations that provide protections similar to those federal statutes. This release is final and shall survive the expiration of the Decree's term.

14. Plaintiffs hereby covenant and represent that, except for the Complaint, they have not brought and will not bring any legal, equitable, or administrative action for damages against the Defendants or Released Parties in connection with the matters being hereby released. By their signatures below, Plaintiffs hereby represent and warrant that they have the full authority of the Plaintiffs to make the releases in this section and irrevocably agree to the other terms and conditions of this Settlement Agreement. Nothing herein shall be

construed to preclude any action claiming breach of or to enforce the terms of this Consent Decree.

## VII. GENERAL INJUNCTION

15. Subject to the terms of this Settlement Agreement, the Defendants agree that the design and/or construction of any new covered multifamily dwellings for which they have responsibility must be in compliance with 42 U.S.C. § 3604, subdivisions (f)(1)-(3), as amended.

## VIII. EFFECTIVE DATE

16. The Effective Date of this Decree is the date of entry of the Decree by the Court.

## IX. DURATION OF DECREE

17. The terms of this Decree shall remain in effect for a period of three years from the Effective Date.

18. During the duration of this Consent Decree, the Court shall retain jurisdiction over this matter and the Parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes.

## X. DISMISSAL OF NON-OWNER DEFENDANTS WITH PREJUDICE UPON RECEIPT OF PAYMENTS

19. The Non-Owner Defendants shall be dismissed from the lawsuit with prejudice and shall not have any further obligation to perform, supervise, ensure, or otherwise have responsibility to compete the retrofits at the Subject Properties as

7

agreed upon herein in exchange for paying **TWO MILLION SEVEN HUNDRED THOUSAND DOLLARS and 00/100 ($2,700,000.00)** in aggregate to the TP Gurnee L.P., TPA Gurnee GP LLC, Gardiner Senior Apartments, L.P., Gardiner Senior Development, LLC, TPA Orland L.P., TPA Orland GP, Alice Place L.P., Alice Place GP, LLC, Thomas Place, L.P., Thomas Place LLC, TPA Fox Lake, L.P., TPA Fox Lake GP LLC, JNB Hometown Harbor Bettendorf L.P., JNB Hometown Bettendorf, LLC, JNB Hometown Harbor Waukee, L.P., JNB Hometown Waukee, LLC, and Hometown Harbor East Moline, L.P. (collectively referred to hereafter as "Owner Defendants") which shall be used for the purpose of carrying out the terms of this Consent Decree, including performing any and all retrofits required under this Decree and corresponding Retrofit Plan Agreements for the Subject Properties owned by the Owner Defendants listed at Appendix 1. The Owner Defendants represent that they have the authority and power to fulfill all their obligations set out under this Consent Decree.

20. The Owner Defendants shall confirm in writing by letter to Plaintiffs within five (5) days of receipt of such funds that these sums have been paid to them by the Non-Owner Defendants and warrant that they will fully and completely carry out the terms of this Decree. Upon Plaintiffs receipt of such notice, any and all claims in this Action against the Non-Owner Defendants are dismissed with prejudice.

## XI.    ALTERATIONS REQUIRED AT SUBJECT PROPERTIES

21.    The FHAA requires that Covered Multifamily Dwellings must include certain features to make the dwellings accessible to, or adaptable for use by, a person who has or develops a disability.  42 U.S.C. §§ 3604(f)(3)(C) and (t)(&)(A). Specifically, the FHAA mandates that, for Covered Multifamily Dwellings, the following Accessible Design Requirements are met: (i) the public use and common use portions of such dwellings are readily accessible to and usable by persons with a disability; (ii) all the doors are designed to allow passage into and within all premises within such dwellings and are sufficiently wide to allow passage by persons using wheelchairs; (iii) all premises within such dwellings contain the following features of adaptive design: (I) an accessible route into and through the dwelling; (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; (III) reinforcements in bathroom walls that allow later installation of grab bars; and (IV) usable kitchens and bathrooms that allow an individual using a wheelchair to maneuver about  the space.  42 U.S.C. § 3604(t)(3)(C).

22.    Based on Plaintiffs' tests of the Subject Properties, and the inspections of the Subject Properties completed in this case, certain of the following elements at the Subject Properties as documented in the Fair Housing Inspection Compliance Reports prepared by the Expert(s) utilized in this Litigation allegedly fail to comply with design and construction requirements of the FHAA:

a)      Cross slopes on exterior accessible routes that exceeded FHAA minimum standards;

b)      Running slopes on exterior accessible routes that exceeded FHAA minimum standards and/or that did not include handrails where appropriate;

c)      High thresholds at patio entrances that interfere with accessible routes for persons in wheelchairs or who use assistive devices for ambulation;

d)      Bathing facilities that do not meet FHAA minimum standards, in particular, showers under 36"x 36";

e)      Insufficient Clear Floor Space ("CFS") adjacent to bathing facilities and lavatories;

f)      Insufficient CFS adjacent to the kitchen sink/kitchen sink unusable for persons in wheelchairs;

g)      Insufficient turning radius in U-shaped kitchens with a range at the base;

h)      Insufficient maneuverable area in kitchens;
i)      Inaccessible thermostats and electrical outlets;

j)      Insufficient pocket door and patio door openings;

k)      Excessive sloping at door entryway maneuverable area outside ground floor units;

l)      Deficient accessible parking spaces, curb cuts and related sloping issues;

m)      Deficient common area restroom facilities, lacking minimally required CFS and/or maneuvering areas;

n)      Various deficiencies in common areas relating to cane detection;

o)      Various other miscellaneous issues of non-compliance with FHAA and accepted related guidance and standards.

10

23.     As to each Subject Property, Plaintiffs and the Defendants have agreed to a confidential Retrofit Plan Agreement in the sample form attached as Appendix 2.   Each confidential Retrofit Plan memorializes the Fair Housing Compliance Inspection findings by unit type and common areas, and sets forth the remedial actions agreed to by Plaintiffs and Parties related to each such Subject Property and required to be completed by Owner Defendants, Glendale Heights Defendants, and Zurich Meadows Defendants under this Decree.     A confidential Retrofit Plan Agreement for each of the 11 Subject Properties has been executed by the pertinent Parties prior to presentment of this Consent Decree.   The Parties agree that such Retrofit Plan Agreements are confidential, are executed for purposes of settlement of this Litigation only, do not constitute an admission of liability, are not precedential and are unique to the facts and circumstances of this Litigation.   To the extent a dispute is brought to the attention of the Court by a Party, it is agreed that a description of the retrofit item(s) and property at issue may be fully described in filed court papers.

## XII.   <u>NOTICE TO RESIDENTS</u>

24.     Within one-hundred twenty (120) days of entry of this Decree, Owner Defendants, Glendale Heights Defendants, and Zurich Meadows Defendants shall provide property-specific Notices to all impacted residents in the agreed format attached as Appendix 3, informing residents of a general description of this Litigation and its resolution, the list of retrofits to be completed in their residence,

setting forth the schedule of work, and identifying any "on request" items available at their property location, per the pertinent Confidential Retrofit Plan Agreement. Residents shall have 60 days from receipt of notice to elect in writing completion of any "on request" work items, but may also submit a later request for a retrofit based on changed circumstances. For the duration of the Decree, future residents shall be notified upon lease execution and in new tenant materials of any "on request" work items, which shall be performed by Defendants within 60 days of the written request. So long as any "on request" items remain unmodified in any unit, Defendants will include in new tenant materials a description of any "on request" items that incoming residents can elect to have modified. The initial Notice will also state that inspections of the completed work will be scheduled at a later date, upon further notice.

### XIII.  TIME FOR COMPLETION OF ALTERATIONS

25.    The Owner Defendants shall complete all of the alterations itemized in the confidential Retrofit Plan Agreements no later than thirty (30) months from the Effective Date of this Consent Decree for (1) Thomas Place Glenview, (2) Thomas Place Gurnee, (3) Thomas Place Fox Lake, (4) Thomas Place Orland Park, (5) Thomas Place Bettendorf, (6) Hometown Harbor East Moline, (7) Thomas Place Waukee, (8) Gardiner Place and (9) Alice Place, unless the parties will agree to extend the Decree for an appropriate time period to allow the completion of such actions.

26.     Other than those work items to be performed "on request" of a tenant, the Glendale Heights Defendants shall complete all of the alterations itemized in the confidential Retrofit Plan Agreement for Glendale Heights no later than two (2) years from the Effective Date of this Consent Decree.

27.     The Zurich Meadows Defendants shall complete all of the alterations itemized in the confidential Retrofit Plan Agreement for Zurich Meadows no later than two (2) years from the Effective Date of this Consent Decree.

**Agreed Third Party Expert to Consult The Parties On Retrofit Methodology.**

28.     By agreement of the Parties and at the cost of the Owner Defendants, Mark Mazz ("Third Party Expert") shall be retained to consult as needed with the Parties concerning Owner Defendants' methodology and construction techniques for completing the required retrofits at each of the Owner Defendant's properties to ensure required alterations will be completed.  The Third Party Expert may consult with Plaintiffs and Owner Defendants as needed at Owner Defendants' cost concerning deficiencies in work performed.

**Defendants to Propose Schedule to Complete Retrofits.**

29.     Within thirty (30) days of entry of this Consent Decree, each Owner Defendant, the Glendale Heights Defendants and Zurich Meadows Defendants shall convey in writing to Plaintiffs a schedule pursuant to which each will perform and complete retrofits at each Subject Property.  The schedule will allow for at least ninety (90) days following the scheduled date for completion of the work at the

13

Subject Property and prior to expiration of this Decree for notice of completion, inspection, and time for correction of any deficiencies.

30. Only with respect to the Subject Properties owned by the Owner Defendants, the schedule will include proposed locations and estimated approximate dates on which representatives of Owner Defendants and Plaintiffs will examine sample methodology and completion of a sampling of retrofits at one or more Subject Properties at Owner Defendants' discretion, to verify and document that the retrofits undertaken by Owner Defendants are proceeding according to the agreed upon methodology and construction techniques. For each of the Glendale Heights Defendants and Zurich Meadows Defendants, the schedule will include a date by which specifications for proposed alterations will be provided by the Glendale Heights Defendants (for Thomas Place Glendale Heights) and by the Zurich Meadows Defendants (for Zurich Meadows) to Plaintiffs and a target date for the Plaintiffs and each of the Glendale Heights Defendants and the Zurich Meadows Defendants to confer and use their best efforts to agree upon such specifications prior to commencement of work.

### Defendants to Provide Notice to Plaintiffs of Completion of Retrofits at Each Subject Property On a Rolling Basis.

31. When Owner Defendants, Glendale Heights Defendants, and Zurich Meadows Defendants have completed the itemized retrofits contained in the respective Subject Property's confidential Retrofit Plan Agreement, each such

14

Defendant shall notify Plaintiffs in writing that the retrofits at the Subject Property are completed and ready for inspection by Plaintiffs.

### XIV.  INSPECTIONS AND CERTIFICATIONS OF COMPLIANCE

32.  Plaintiffs' representatives will conduct compliance inspections of completed retrofits at each Subject Property within thirty (30) days, unless another time frame is otherwise agreed, following notice by Defendants of compliance with a particular Subject Property's Retrofit Plan Agreement.  Plaintiffs will provide at least seven (7) days' notice to Defendants of the date on which they will conduct a compliance inspection.  Plaintiffs may inspect up to 100% of the units at any Subject Property in which work has been performed and, to the extent less than 100% of such units are selected for compliance inspections by Plaintiffs, the location and number of units chosen for inspection will be entirely at the discretion of Plaintiffs. Defendants shall provide adequate notice of compliance inspections to all of the residents of the completed subject property in the agreed format, attached as Appendix 4.

### Subject Property Reports and Certifications.

33.  Upon inspection by Plaintiffs of completed retrofits at Subject Properties, Plaintiffs shall provide a written compliance inspection report, in the form attached as Appendix 5, within fourteen (14) days, or in such time frame as otherwise agreed, noting the results of the inspection, including any variances from agreed specifications.  If Plaintiffs' inspections relating to Owner Defendants'

properties indicate any of the required alterations have not been made as specified, Plaintiffs and Owner Defendants will, within fourteen (14) days of Defendants' receipt of Plaintiffs' inspection report meet and confer, as well as consult with Mark Mazz, as deemed necessary at Owner Defendants' cost, concerning any deficiencies. Owner Defendants agree to address any deficiency within sixty (60) days of receipt of Plaintiffs' inspection report. Plaintiffs will conduct follow-up inspections at the Subject Property and provide a follow-up report to Owner Defendants within thirty (30) days of correction of any deficiencies. With respect to Thomas Place Glendale Heights and Zurich Meadows, if Plaintiffs' inspection indicates any required alteration has not been made in accordance with an agreed specification, within fourteen (14) days of delivery by Plaintiff of its inspection report for the Subject Property to the Glendale Heights Defendants or Zurich Meadows Defendants, as the case may be, the pertinent parties will meet and confer to address any claimed shortcoming and, as necessary, to agree upon any additional corrective work required to meet the agreed specification.

34. Plaintiffs will provide Owner Defendants, the Glendale Heights Defendants and the Zurich Meadows Defendants with Subject Property certification forms in the form attached as Appendix 5 simultaneous with their initial inspection reports if no deficiencies are found, and simultaneous with any follow-up reports where deficiencies were found but corrected upon inspection of completion of retrofits at particular Subject Properties. Each Subject Property certification shall

be deemed final and binding on the Parties as to the applicable Subject Property and shall fully discharge the responsible Owner Defendant(s), Glendale Heights Defendants, or Zurich Meadows Defendants from any further obligation under this Decree to make alterations at such Subject Property under this Decree, except any "on request" items called for in particular Confidential Retrofit Plan Agreements that are requested by new residents or requested by existing residents due to changed circumstances during the term of this Decree.

35.     The Glendale Heights and Zurich Meadows Defendants will compensate Plaintiffs for inspection and certifications of the respective properties as set forth in the pertinent Confidential Retrofit Plan Agreement.

36.     Any "on request" items required to be completed during the duration of this Decree for new or existing residents after Plaintiffs' inspections are exempt from the Subject Property Certification. Owner Defendants will report completion of "on request" items in writing to Plaintiffs within thirty (30) days of completion. The Glendale Heights defendants will report in writing to Plaintiffs quarterly on all "on request" items that were requested to be completed and all "on request" work performed during the preceding three months.

## XV.     OTHER REMEDIAL ACTIONS

37.     **Education and Training.**  Defendants warrant that, prior to entry of this Consent Decree, their employees who have supervisory authority over the design and/or construction of covered multifamily dwellings have a copy of and are

17

familiar with the Fair Housing Accessibility Guidelines, 65 Fed.Reg. 9472 ((91), the United States Department of Housing and Urban Development FHA Design Manual, A Manual to Assist Builders in Meeting the Accessibility Requirements of the FHA (August 1996, Rev. April 1998), and the Joint Statement of the Department of Housing and Urban Development and the Department of Justice – Accessibility (Design and Construction) Requirements for Covered Multifamily Dwellings Under the Fair Housing Act (April 30, 2013).

38.     Certain Defendants warranted to Plaintiffs on June 18, 2015, and hereby confirm that the employees of the Non-Owner Defendants and Owner Defendants and Zurich Meadows Defendants with supervisory authority over the design and construction of covered multifamily dwellings have undergone Fair Housing Training including (but not necessarily limited to) regarding accessibility in design and construction.  These Defendants agree that their employees with supervisory or property management authority will undergo periodic comprehensive fair housing training.  The Glendale Heights Defendants confirm and agree that their employees having supervisory authority over the design (Fitzgerald) and construction of covered multifamily dwellings or property management responsibilities for such dwellings will periodically undergo training relating to the requirements of the Fair Housing Act, including (but not necessarily limited to) accessibility in design (Fitzgerald) and construction.

39. **Notice to Public.** Within ten (10) days of the Effective Date of this Decree and for a period of thirty six (36) months thereafter, Owner Defendants, Glendale Heights Defendants, and Zurich Meadows Defendants agree:

a. To post and prominently display in the sales or rental offices of all covered multifamily dwellings owned in whole or part by them or their affiliates a sign no smaller than 10 by 14 inches indicating that all dwellings are available for rental on a non-discriminatory basis. A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement; and

b. To place in a conspicuous location, the International Symbol of Accessibility in all new print advertising in newspapers, websites owned and controlled by Defendants, or reprints of pamphlets, brochures, and other written promotional literature regarding any covered multifamily rental property owned in whole or in part by them or their affiliates.

## XVI. PAYMENTS TO PLAINTIFFS

40. In order to resolve Plaintiffs' disputed claims, the following Settlement Payments will be made by Defendants to Plaintiffs:

A. **Non-Owner and Owner Defendants.** No later than ten (10) days after Entry of this Consent Decree, the Non-Owner Defendants and the Owner Defendants shall wire payment to Plaintiffs the sum of **Eight Hundred Seventy Five Thousand and 00/00 Dollars ($875,000)** in aggregate (the "Non-Owner and

Owner Defendants Settlement Payment") per wiring instructions to be provided by Plaintiffs as compensation to Plaintiffs for damages and attorney's fees and costs.

**B.**     **Glendale Heights Defendants.**   No later than five (5) days after Entry of this Consent Decree, the Glendale Heights Defendants shall wire to Plaintiffs the sum of **Eighty Five Thousand and 00/100 Dollars ($85,000)** (the "Glendale Heights Settlement Payment") as compensation to Plaintiffs for Diversion of Resources, Frustration of Mission, and Attorney's Fees and Costs.

**C.**     **Zurich Meadows Defendants.**   No later than five (5) days after Entry of this Consent Decree, the Zurich Meadows Defendants shall wire to Plaintiffs the sum of **Twenty Five Thousand and 100/100 Dollars ($25,000)** (the "Zurich Meadows Settlement Payment") as compensation to Plaintiffs for Diversion of Resources, Frustration of Mission, and Attorney's Fees and Costs.

41.     Any agreements by and between Defendants as to their contributions towards required Settlement Payments are confidential.

## XVII. PAYMENTS "IN LIEU OF" – PLAINTIFFS' HOUSING ACCESSIBILITY FUNDS

42.     In lieu of completing alterations that the parties have, for purposes of this case only, deemed infeasible, certain Payments shall be made by Owner Defendants and Glendale Heights Defendants listed below to Plaintiffs for use by

Plaintiffs for Housing Accessibility purposes consistent with their missions and at Plaintiffs' discretion as follows:

**A. Owner Defendants.** The Owner Defendants shall deposit into the trust account of Soule, Bradtke & Lambert for the duration of this Decree the amount of $100,000 to stand as security for the payment of "in lieu" payments. These funds may be drawn down from time to time, in whole or in part, upon request by Plaintiffs as "in lieu" payments, if required alterations set forth in a Confidential Retrofit Plan Agreement at any of the Subject Properties are deemed infeasible after consultation with Plaintiffs and the Third Party Expert. Where alterations are deemed infeasible, Owner Defendants shall provide three written estimates for the cost of each such alteration, and shall pay a sum equivalent to the average of these three estimates, multiplied by the number of affected units, to Plaintiffs. Any remainder of this fund not applied to completing alterations deemed infeasible for purposes of this case ("in lieu payments") shall revert to the Owner Defendants.

**B. Glendale Heights Defendants.** The Glendale Heights Defendants shall, within five (5) days of entry of this Decree, verify the number of units at Glendale Heights identified in the Confidential Retrofit Plan Agreement for Glendale Heights that are subject to previously agreed criteria for infeasibility of undertaking certain alterations, and pay to

21

Plaintiffs the agreed scheduled amount per unit that is set forth in the Glendale Heights Confidential Retrofit Plan Agreement.

## XVIII. <u>SALE OR TRANSFER OF AN OWNERSHIP INTEREST IN SUBJECT PROPERTIES</u>

43.    The sale or transfer, in whole or part, of an ownership interest in any of the Subject Properties by any Owner Defendants, Glendale Heights Defendants, or Zurich Meadows Defendants after the entry of this Consent Decree shall not affect any Owner/Glendale Heights/Zurich Meadows Defendants' obligation to complete the alteration at the Subject Properties as agreed and subject to this Decree.  Should any Owner/Glendale Heights/Zurich Meadows Defendants decide to sell or transfer all or part of its ownership interest in the Subject Properties prior to the completion of the alterations provided for under this Consent Decree, the transferring Owner/Glendale Heights/Zurich Meadows Defendant will provide written notice to each buyer or transferee that the alterations set forth in the Confidential Retrofit Plan Agreements are required pursuant to a Consent Decree. The transferring Owner/Glendale Heights/Zurich Meadows Defendant shall either certify completion of the alterations prior to the sale or transfer of the property (by a final compliance inspection report and certification form) or obtain the written agreement of the new buyer(s)/transferee(s) to have the required alterations performed within the time frame allotted herein after the new owner takes possession.  So long as any "on request" items remain unmodified in any unit, upon any sale or transfer of ownership interest, the transferring Defendant shall inform

each buyer/transferee of any "on request" items identified in the applicable Confidential Retrofit Plan Agreement, so that future residents may be informed of their ability to elect completion of such items.

## XIX.  MISCELLANEOUS PROVISIONS

44.    **No Admission of Liability.**  This Consent Decree is for settlement purposes only and does not constitute an admission by Defendants of any of the allegations contained in the Complaint or any other pleading or document in this Litigation.  Defendants are settling this matter solely to avoid the cost of protracted litigation.

45.    **Binding Effect.**  This Consent Decree shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and assigns.

46.    **Costs and Expenses.**  Except as specifically provided for herein, each of the Parties to this Consent Decree shall bear its own costs and attorney fees arising out of and/or relating to the Litigation.

47.    **Deadlines.**  All deadlines and dates for performance by Parties under this Consent Decree may be extended or modified by written agreement between Plaintiffs and the responsible Defendants, provided that no such extension shall extend the term of this Decree without Leave of Court.

48.    **Dispute Resolution.**  The Parties shall endeavor, in good faith, to resolve informally any differences regarding the interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution.

49. **Payments and Funding.** All payments to Plaintiffs shall be accomplished by means of wire transfer to Plaintiffs' counsel, Soule, Bradtke & Lambert ("SBL"). SBL shall provide Defendants with wire transfer instructions and a completed W9 form within ten (10) days after the Effective Date of this Decree.

50. **Force Majeure.** If Defendants are delayed, interrupted, or prevented from performing any of their obligations under this Consent Decree and such delay, interruption, or prevention is due to fire; act of God; governmental act or failure to act, including but not limited to, delay in the receipt of permits; labor disputes; unavailability of materials; lack of tenant cooperation; catastrophic economic conditions; or any cause outside the reasonable control of Defendants, then the time for performance of the affected obligation of Defendants shall be extended for a period equivalent to the period of such delay, interruption, or prevention.

51. **Execution Authority.** Each person executing this Consent Decree and Agreement on each Party's behalf represents and warrants that he or she has the authority to sign on behalf of the respective Party for which he or she is signing and to bind each such Party to the terms of this Agreement. The authorized signatory for each of the Subject Properties represents and warrants that he or she has the authority to execute each Confidential Retrofit Plan on behalf of the Owner of each Subject Property.

52. **Counterparts.** This Consent Decree may be executed in counterparts, all of which when taken together shall constitute a single instrument.

53. **Notices.** All notices required or permitted under this Decree shall be in writing by (a) electronic mail, deemed delivered upon written confirmation of receipt, (b) overnight delivery using a nationally recognized carrier, deemed delivered one business day after deposit with such carrier, or (c) personally delivered, deemed delivered upon personal receipt.

54. A party's address may be changed by written notice to all other Parties, deemed effective upon receipt as provided above.

All notices under this Decree shall be to the addresses set forth below:

To Plaintiffs:

Shanna L. Smith
President/CEO
National Fair Housing Alliance
1101 Vermont Ave NW Suite 710
Washington DC. 20005

Morgan Williams
NFHA Counsel
National Fair Housing Alliance
1101 Vermont Ave NW Suite 710
Washington DC. 20005

Anne V. Houghtaling
Executive Director
HOPE Fair Housing Center
245 W. Roosevelt Road
Building 15, Suite 107
West Chicago, IL 60185

Neda N. Brisport, Esq.
Director of Fair Housing
Open Communities
614 Lincoln Ave.
Winnetka, IL 60093

Jennifer K. Soule
Soule, Bradtke & Lambert
533 S. Division St., Suite B
Elmhurst, IL 60126

Steven Skalet
Mehri & Skalet, PLLC
1250 Connecticut Ave. NW Suite 300
Washington, DC  20036

To Owner Defendants and Non-Owner Defendants:

Scott Parrish Moore
Baird Holm LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102
(402) 636-8268

To Glendale Heights Defendants:

Jeffrey D. Crane
Crane Construction Co.
343 Wainwright Drive
Northbrook, IL 60062

with a copy to:

Michael D. Sher
Neal, Gerber & Eisenberg LLP
Two N. LaSalle Street, Suite 1700
Chicago, IL 60602

and:

Douglas Lange
Foran Glennon Palandech Ponzi & Rudloff PC

26

222 N. LaSalle Street, Suite #1400
Chicago, IL 60601

To Zurich Meadows Defendants:

Mark Gross
Gross & Boyle, LLC
15 Salt Creek Lane, Suite 207
Hinsdale, IL 60521

So Ordered.


Dated:    November 5, 2015

ENTERED:

_____
Ju
United States District Court Judge

27